## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHERRY OGDEN | : | Case No. 4:13-cv-0072 SEB-TAB |
| | : | |
| Plaintiff, | : | Judge Sarah Evans Barker |
| | : | |
| v. | : | |
| | : | |
| PATRIOT MUNICIPAL UTILITY, et al. | : | |
| | : | |
| Defendants. | : | |

---

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AND MOTION TO ALLOW DISCOVERY PURSUANT TO RULE 56(f)

---

Katherine Daughtrey Neff (*Pro Hac Vice*)
Carrie Atkins Barron (IN #17847-20)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
(513) 721-1975/Fax:  (513) 651-2570
*kneff@frekingandbetz.com*
*cbarron@frekingandbetz.com*

## I.   <u>INTRODUCTION</u>

Defendants' premature Motion for Summary Judgment should be denied because

Plaintiff, Sherry Ogden, has not had an opportunity to conduct any discovery to test their claim

that her employer was not subject to Title VII of the 1964 Civil Rights Act.  Defendants' claim

ignores its own evidence that Ogden was employed by the Town of Patriot.  Patriot employed

several more individuals in addition to the nine individuals whom Defendants claim worked at

the Municipal Utility.  Discovery may thus reveal that the Town of Patriot was Ogden's employer

and subject to Title VII.[1]  Because Ogden is entitled to discovery to determine the number of

individuals who fit the definition of an employee of her employer, she respectfully requests that

this Court deny Defendants' Motion for Summary Judgment and allow the case to proceed

through discovery.

## II.   <u>FACTS</u>

Ogden began working for Patriot Municipal Utility in 1991, and in 2001 or 2002 earned a

promotion to Superintendent of Patriot Water Company, her position when she filed a charge

with the Indiana Civil Rights Commission ("ICRC") alleging sex discrimination.  (Am. Comp. ¶

10-12.)  Ogden filed her charge because *inter alia*, she learned of a plan by Robert Robinson, a

member of the Patriot Town Council who also served on the Patriot Municipal Works Board, to

replace her with a male.  (Am. Comp. ¶¶ 14, 15.)

As part of Defendants' response to Ogden's first discrimination charge, members of

Defendants' Council/Board testified by affidavit that Ogden had not suffered any adverse

---

[1]Ogden intends to file a Motion to Amend her Complaint to include the Town of Patriot as a Defendant, and to add claims pursuant to 42 U.S.C. § 1983 contemporaneously with her Memorandum In Opposition To Summary Judgment.

employment action and specifically that she had not been demoted.  They demoted her two days

later, however, and reduced her pay by $16,000.  (Am. Comp. ¶¶ 16-18.)  Defendants then

replaced Ogden with a less-experienced, significantly younger male employee.  (Am. Comp. ¶

19.)  Defendants have a progressive discipline policy.  (Am. Comp. ¶ 20.)  Nevertheless, before

she filed her November 2011 discrimination charge, and before demoting her for alleged

performance problems, Defendants did not discipline this long-term employee.  (Am. Comp. ¶

20.)

       On January 23, 2012, Ogden filed a new discrimination charge alleging sex

discrimination and retaliation for her demotion.  (Am. Comp. ¶ 21.)  Approximately two weeks

later, on February 3, 2012, Defendants terminated Ogden and (upon information and belief)

replaced her with a male employee.  (Am. Comp. ¶¶ 23.)  Between her demotion on December

21, 2011 and her termination, February 3, 2012, Ogden did not receive any written warning or

other form of progressive discipline.  (Am. Comp. ¶ 24.)

       Ogden filed three timely Charges of Discrimination with the ICRC, which dual filed with

the Equal Employment Opportunity Commission ("EEOC"), and received Notices of Right to

Sue from the EEOC on February 19, 2013 for two of her charges.  (Am. Comp. ¶¶ 5, 7.)  The

ICRC found probable cause to conclude that Defendants demoted her because of her sex.  Ogden

initiated this lawsuit on May 20, 2013 within 90 days of her receipt of the EEOC Notices of

Right to Sue.  (Am. Comp. ¶ 8.)  Defendants answered Ogden's complaint in early October 2013.

This Court set an initial pretrial conference for November 26, 2013.  Defendants filed their

Motion for Summary Judgment a week before the conference.  The parties have not yet

conducted any discovery.  (Neff Aff. ¶¶ 2, 3.)

III.     **ARGUMENT**

    A.     **Plaintiff Must Be Allowed To Conduct Discovery Regarding Defendants' Claim That Her Employer Has Fewer Than 15 Employees.**

Rule 56(f) states "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  A Rule 56(f) motion must "(1) articulate a plausible bases for the belief that discoverable materials exist which would raise a trialworthy issue and (2) demonstrate good cause for failure to have conducted discovery earlier."  *Reid v. State of New Hampshire*, 56 F.3d 332, 342 (1st Cir. 1995).  Where a movant satisfies the requirements of Rule 56(f), "a strong presumption arises in favor of relief."  *Id.*  Citing *Resolution Trust Corp. V. North Bridge Assoc.*, 22 F.3d 1198, 1203 (1st Cir. 1994).

The Court in *Four Star Capital Corporation v. NYNEX Corporation, et al.*, 183 F.R.D. 91, 99 (S.D. N.Y. 1997) noted that the object of Rule 56(f) is "to prevent a premature or improvident grant of a motion for summary judgment" and the rule is to be applied with a "spirit of liberality."  Citing 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2740, at 532 (2d ed. 1983).  Other Courts have noted that FRCP 56(f) affords a safeguard to a party opposing a motion by permitting the party to set forth in an affidavit the reasons he or she cannot present facts essential to justify opposition.  *Lockhart v. Hoenstine*, 411 F.2d 455, 458, n. 6 (3rd Cir. 1969).

**B.      Ogden Is Entitled To Discovery To Test Defendants' Claim That Her Employer Is Not Subject To Title VII Due To The Number Of Its Employees.**

The payroll records which Defendants attached to Robinson's affidavit in support of its Motion for Summary Judgment include payroll records for Ogden and others which are titled at the top "Town of Patriot Payroll Deductions Report."  (Robinson Aff. Ex. A.)  Thus according to the very law cited by Defendants (referred to as the "payroll method" which provides that individuals on an employer's payroll records are employees), in determining whether Ogden's employer qualified as an employer pursuant to Title VII, this Court must consider the number of employees employed by the entire Town of Patriot rather than just the Patriot Municipal Utility. (Def. MSJ at 5.) citing *Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202 (1997).

In addition to the nine employees which Defendants identify as employees of Patriot Municipal Utility, Ogden is entitled to discover the circumstances of the employment of the three members of the Patriot Municipal Works Board, as well as multiple other employees Ogden has identified as employed by the Town of Patriot.  These include Justin Felts, Kathy Turner, Stephanie Adkins, and George Miller.  (Ogden Aff. ¶¶ 1, 2.)  Additionally, Jason Thomas performed work for the Municipal Works Board.  (Ogden Aff. ¶ 2.)  Ogden anticipates that Defendants will claim in their Reply Brief that these individuals were not employed by the Town of Patriot for the requisite 20 weeks preceding the events underlying Ogden's discrimination and retaliation claims or that they did not qualify as employees for other reasons.  Ogden, however, is not required to take Defendants' word at face value regarding the circumstances of the employment of the individuals she has identified as possible employees.

Other courts considering similar arguments have used FRCP 56(f) to find that the plaintiff was entitled to discovery regarding the number of individuals employed by a defendant. In *Foresta v. Center Light Capital Management*, the Second Circuit reversed the grant of summary judgment to a defendant based on the defendant's claim that it did not employ the requisite 15 employees to qualify as an employer under the ADA.  (No. 09-3588-cv, 379 Fed. Appx 44 (2nd Cir. May 27, 2010)).  In that case, the defendant argued that three of the individuals which the plaintiff counted as employees for the purposes of the ADA were actually independent contractors.  Instead of allowing the plaintiff to conduct sufficient discovery to determine the employment status of individuals in question, the District Court concluded that the three disputed individuals were not employees within the meaning of the ADA based primarily on their tax treatment.  *Foresta*, 379 Fed. Appx at 46.  The Second Circuit reversed holding, that

> Rule 56 was designed to address precisely the situation with which plaintiff was confronted.  See Fed. R. Civ. P. 56(e) advisory committee's note (1963) ("[S]ummary judgment may be inappropriate where a party opposing it shows under the subdivision (f) that he cannot at the time present facts essential to justify his opposition.").  Citing *Trebor Sportswear, Co. v. The Limited Stores, Inc*., 865 F.2d 506, 511 (2nd Cir. 1989) ("the non moving party should not be 'railroaded' into his offer of proof and opposition to summary judgment.")

*See also, Fitzgerald v. Henderson*, 251 F.3d 345, 362 (2nd Cir. 2001) (observing that where the district court denied the plaintiff any opportunity to conduct discovery and considered a partial summary judgment motion filed two months after the filing of the complaint, "faulting [plaintiff] for failure to make a showing of . . .  matters that would . . . be beyond her personal knowledge [] was incompatible with the court's denial of discovery").  Ogden is entitled to the same discovery.

5

IV.    **CONCLUSION**

Because Ogden is entitled to discovery to test the Defendants' claim that they did not meet Title VII's definition of employer based on the number of individuals employed, summary judgment is premature.  Ogden thus respectfully requests that this Court deny Defendants' Motion to allow for further discovery.

Respectfully submitted,


/s/ *Katherine Daughtrey Neff*
Katherine Daughtrey Neff (OH Bar #0082245)
Carrie Atkins Barron (In. Bar #17847-20)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*kneff@frekingandbetz.com*
*cbarron@frekingandbetz.com*


**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail and/or facsimile to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ *Katherine Daughtrey Neff*