UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHERRY OGDEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 4:13-cv-00072-SEB-TAB |
| PATRIOT MUNICIPAL UTILITY, and PATRIOT MUNICIPAL WORKS BOARD, | ) ) ) |
| Defendants. | ) ) |

# REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S RULE 56(D) MOTION[1], AND PLAINTIFF'S MOTION TO AMEND

Plaintiff Sherry Ogden filed this lawsuit against Defendants Patriot Municipal Utility and Patriot Municipal Works Board asserting gender and retaliation discrimination under Title VII of the Civil Rights Act of 1964. Before the Court is Defendants' motion for summary judgment [Filing No. 16], Plaintiff's Rule 56(d) motion [Filing No. 21], and Plaintiff's motion to amend her complaint [Filing No. 22]. Defendants argue that this matter should be dismissed as they are not an employer under Title VII. Notwithstanding Defendants' dispositive motion, Plaintiff seeks to amend her complaint to include additional claims and Defendants. For the reasons set forth below, the Magistrate Judge recommends that Defendants' motion for summary judgment

---

[1] Plaintiff's motion seeks to conduct discovery under Rule 56(f). On December 1, 2010, Federal Rule of Civil Procedure 56 was amended to include the current Rule 56(d), which discusses when facts are unavailable to a nonmovant in summary judgment. The current Rule 56(d) embodies the substance of the former Rule 56(f) without any substantial changes. This order uses the current Rule 56(d) to refer to what Plaintiff calls Rule 56(f) in her motion. *See* Fed. R. Civ. P. 56(d).

1

[Filing No. 16] be denied without prejudice, Plaintiff's Rule 56(d) motion [Filing No. 21] be granted, and Plaintiff's motion to amend her complaint [Filing No. 22] be granted.

Plaintiff filed suit against Defendants after first being demoted and later terminated from her position as superintendent at Patriot Water Company. According to Plaintiff, she was demoted and replaced by a less-experienced, significantly younger male employee, even though Defendants did not discipline her before demoting her due to alleged performance problems. [Filing No. 21, at ECF p. 2.] Before the parties participated in the November 26, 2013, initial pretrial conference, Defendants filed a motion for summary judgment asserting that Defendants did not fall under the definition of employer under Title VII. Specifically, Defendants assert that Patriot Municipal Utility is "a small business not covered as 'employer' under Title VII." Moreover, "Patriot Municipal Utility did not employ fifteen or more employees for twenty or more calendar weeks from January 1, 2011 up through February 3, 2012, the date of Plaintiff Ogden's discharge," as would be required for a Title VII claim. [Filing No. 16, at ECF p. 4.]

In response, Plaintiff filed her Rule 56(d) motion opposing Defendants' motion for summary judgment and arguing that Defendants filed their motion before Plaintiff had an opportunity to conduct discovery. Plaintiff simultaneously filed a motion to amend her complaint to include Town of Patriot, Wayne Turner, Jr., Robert Robinson, Charles Michael Thomas, Kevin Plyman, Joseph Duckworth, and Jason Thomas as Defendants and to include claims alleging violations of the Equal Protection Clause and Fourteenth Amendment under 42 U.S.C. §§ 1983 and 1985(3). [Filing No. 22.]

As Plaintiff indicates in her Rule 56(d) affidavit, the parties have yet to conduct discovery. Accordingly, she needs time to conduct discovery to respond to Defendants' summary judgment motion. In particular, she "needs to depose witnesses regarding information

relevant to the employment relationship between her employer and individuals performing work for it. She also needs to be able to review documents which may reveal evidence relevant to the issue of the number of individuals employed by Plaintiff's employer." [Filing No. 21-1.] Defendants argue that additional discovery is not necessary as they have already attached their certified payroll journals to their motion for summary judgment. These payroll journals support Defendants' claim that they are not an employer under Title VII. Defendants further assert:

> there is no additional deposition testimony or discovery . . . that could change the number of employees identified on the payroll records . . . [and] there is no additional evidence which could be discovered by Plaintiff in this matter to refute that Defendants and the Town of Patriot (who is not a named party to this case) are not considered "employers" under Title VII given the lack of necessary employees.

[Filing No. 24, at ECF p. 2.] The Magistrate Judge disagrees.

The mere fact that payroll journals support Defendants' motion for summary judgment does not mean that there is no other relevant discovery pertaining to the number of employees working for Defendants. The number of employees working for Defendants is a potentially case-dispositive issue. Plaintiff is entitled to the opportunity to conduct discovery on this critical fact. *See Canty v. Walgreens Co.,* No. 2:11-cv-232, 2013 WL 1566091 (N.D. Ind. Apr. 11, 2013) (quoting *Chalimoniuk v. Interstate Bans Corp.*, 172 F. Supp.2d 1055, 1057–58 (S.D. Ind. 2001) ("Summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.")). Plaintiff's Rule 56(d) motion should be granted, and she should have 30 days to conduct discovery on the number of employees working for Defendants.

Plaintiff also filed a motion to amend her complaint before the CMP deadline to amend the pleadings. She moves to add to her complaint several Defendants as well as claims under §1983 and §1985. Defendants assert that it is futile to add the potential Defendants as these

individuals were not included in the initial EEOC and ICRC proceedings, during which Plaintiff was represented by counsel. As for Plaintiff's §1983 and §1985 claims, Defendants argue that it is futile to add these claims because Defendants are non-suable entities under the applicable statutes. [Filing No. 25.] According to Plaintiff, however, she appeared *pro se* in the EEOC and ICRC proceedings and the amendments arise from the same occurrence as her original pleading.

Defendants' opposition to Plaintiff's motion to amend contradicts their motion for summary judgment. [Filing No. 27, at ECF p. 8-9.] In one instance Defendants' motion for summary judgment asserts that Jason Thomas is not an employee, but their motion opposing Plaintiff's motion to amend suggests that he is an employee. [*Compare* Filing No. 24, at ECF p. 4 *with* Filing No. 25, at ECF p. 16-18.] The Magistrate Judge is hard-pressed to find Plaintiff's amendments futile based solely on the limited briefing. Motions for leave to amend are to be freely granted under Fed. R. Civ. P. 15(a), and Plaintiff's motion likewise should be granted.

Given that Plaintiff's complaint should be amended to include additional claims, Defendants' motion for summary judgment should be denied without prejudice. Plaintiff's amended complaint introduces additional claims that Defendants will likely want to address in a dispositive motion. In the interest of judicial economy, Defendants should have the opportunity to address all of Plaintiff's claims in one dispositive motion. Doing so provides Plaintiff an opportunity to conduct discovery and is consistent with Local Rule 56-1 that contemplates a single summary judgment motion. Considering that Defendants filed their motion for summary judgment so early in the case, Defendants should be able to file an amended dispositive motion before July 5, 2014, the CMP dispositive motion deadline.

For these reasons, the Magistrate Judge recommends that Defendants' motion for summary judgment [Filing No. 16] be denied without prejudice, Plaintiff's Rule 56(d) motion

[Filing No. 21] be granted, and Plaintiff's motion to amend her complaint [Filing No. 22] be granted.  Plaintiff should have 30 days to conduct discovery concerning the number of employees working for Defendants.  The amended complaint attached [Filing No. 22-1] should be deemed filed as of the date this order is adopted by the District Judge.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date:

Distribution:

Carrie Atkins Barron
FREKING & BETZ
cbarron@frekingandbetz.com

Katherine D. Neff
FREKING & BETZ, LLC
kdaughtrey@frekingandbetz.com

Scott A. Sollmann
SCHROEDER MAUNDRELL BARBIERE & POWERS
ssollmann@smbplaw.com

Jay D. Patton
SCHROEDER MAUNDRELL BARBIERE POWERS
patton@smbplaw.com