UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHERRY OGDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:13-cv-00072-SEB-TAB |
| | ) | |
| PATRIOT MUNICIPAL UTILITY, | ) | |
| PATRIOT MUNICIPAL WORKS | ) | |
| BOARD, | ) | |
| | ) | |
| Defendants. | | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S RULE 56(D) MOTION, AND PLAINTIFF'S MOTION TO AMEND**

Plaintiff Sherry Ogden filed this lawsuit against Defendants Patriot Municipal Utility and Patriot Municipal Works Board asserting gender and retaliation discrimination under Title VII of the Civil Rights Act of 1964. Defendants seek summary judgment on these claims. Plaintiff requested an opportunity to conduct discovery and amend her complaint to add additional defendants and additional claims.

On April 2, 2014, the Magistrate Judge issued a Report and Recommendation recommending that we: (1) deny Defendants' Motion for Summary Judgment without prejudice; (2) grant Plaintiff's Rule 56(d) Motion for discovery; and (3) grant Plaintiff's Motion to Amend Complaint. [Dkt. No. 29.] On April 16, 2014, Defendants filed their Objections to Report and Recommendation. [Dkt. No. 32.] Plaintiff filed her Response to

Defendants' Objections on April 30, 2014. [Dkt. No. 33.] For the following reasons, we adopt the Magistrate Judge's Report and Recommendation.

I.  **Standard of Review.**

Two standards of review apply to our review of the Magistrate Judge's Report and Recommendation. With respect to pretrial matters dispositive of a claim or defense, the district court reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Should a party make objections to the Magistrate Judge's Report and Recommendation, such objections must be "specific" and "written." *Id.* at 72(b)(2). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* at 72(b)(3). Thus, we review the Magistrate Judge's recommendation with regard to Defendants' Motion for Summary Judgment under a *de novo* standard of review.

With respect to our review of a matter that is not dispositive of a party's claim or defense, "[t]he district court judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Consequently, we review the Magistrate Judge's Report and Recommendation with respect to the Motion to Amend Complaint and Plaintiff's Rule 56(d) Motion under a clearly erroneous or contrary to law standard.

II.  **Plaintiff's Motion to Amend Complaint.**

Plaintiff filed a motion to amend her Complaint on December 13, 2013. [*See* Dkt. No. 22.] Plaintiff's proposed Second Amended Complaint seeks to add the following

2

Defendants: the Town of Patriot, Wayne Turner, Jr., Robert Robinson, Charles Michael Thomas, Kevin Plyman, Joseph Duckworth and Jason Thomas. Plaintiff also seeks to add claims for violation of 42 U.S.C. §§ 1983 and 1985(3). [*See* Dkt. No. 22 at Ex. 1.] The Magistrate Judge recommends that Plaintiff's Motion to Amend be granted. [Dkt. No. 29 at 3-4.] The Magistrate Judge concluded that because motions for leave to amend are to be freely granted under Fed. R. Civ. P. 15(a) and he was "hard-pressed to find Plaintiff's amendments futile based solely on the limited briefing," Plaintiff's motion should be granted. [*Id.* at 4.]

Defendants objected to the Magistrate Judge's recommendation on the basis that the "Magistrate Judge gave insufficient consideration to Defendants' arguments that Plaintiff's proposed amendments are futile" and that "the Magistrate Judge failed to analyze the legal viability of Plaintiff's proposed new claims based on the allegations of the proposed amended complaint or the summary judgment record." [Dkt. No. 32 at 14.] In doing so, Defendants urge the Court to consider evidence submitted in support of their Motion for Summary Judgment. [*Id.* (citing *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002)).] Although the Court can consider summary judgment evidence in opposition to a motion to amend, Defendants do not stop there. Defendants submitted only two affidavits and payroll records in support of their Motion for Summary Judgment. [*See* Dkt. No. 18 (Affidavit of Robert L. Robinson); Dkt. No. 24 (Affidavit of Linda Fisk).] In opposition to Plaintiffs' Motion to Amend, Defendants cite to five additional exhibits, including five additional affidavits. [Dkt. No. 25.] In *Sebring Capital Corp.*, "the summary judgment record conclusively established that the proposed amendment was

futile." 209 F.R.D. at 430. Here Defendants seek to submit evidence outside the summary judgment record and outside the proposed Second Amended Complaint to defeat Plaintiff's Motion to Amend. The Court cannot and will not consider this evidence in ruling on Plaintiff's Motion.

The standard is not whether Plaintiffs' proposed claims can withstand a motion for summary judgment. A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). "In response to an ordinary 12(b)(6) motion, a court simply examines the allegations in the complaint to determine whether they pass muster." *Id.* at 1080. "If a district court considers matters outside the pleadings, our procedural rules require that 'the motion shall be treated as one for summary judgment' under Fed. R. Civ. P. 56." *Id.* (citing Fed. R. Civ. P. 12(b)). "The consideration of outside matter without converting the motion may result in reversible error." *Id.* The Court will consider only the proposed Second Amended Complaint on Plaintiffs' Motion to Amend and Defendants' objections thereto.

  A.  **Plaintiff's Proposed § 1985 Conspiracy Claim.**

Plaintiff seeks to add a claim pursuant to 42 U.S.C. § 1985(3) for conspiracy. [Dkt. No. 22 at Ex. 1, Count IV.] Defendants argue that Plaintiff's proposed § 1985 conspiracy claim is "untenable" under the intra-corporate conspiracy doctrine. [Dkt. No. 32 at 15.] With respect to this proposed claim, the Magistrate Judge characterized Defendants' arguments with regard to Jason Thomas's employment and affiliation as contradictory. [Dkt. No. 29 at 4.] Defendants object to the Magistrate Judge's alleged "apparent

misunderstanding" of this issue. [Dkt. No. 32 at 15.] We need not adopt the Magistrate Judge's analysis as to Defendants' purportedly contradictory handling of Mr. Thomas because the intra-corporate conspiracy doctrine is inapplicable at this time based on the plain language of Plaintiffs' proposed Second Amended Complaint.[1]

Defendants are attempting to have the best of both worlds. When arguing that the Patriot Municipal Utility is not an "employer" for purposes of Title VII, Defendants contend: "Defendants continue to maintain that calculating the total amount of employees for Patriot Municipal Utility during the relevant time period should only be limited to the Utility's payroll." [Dkt. No. 24 at 3.] Yet when arguing that the intra-corporate conspiracy doctrine proves fatal to Plaintiff's § 1985 claims, Defendants argue that "Plaintiff's proposed § 1985 conspiracy claim fails under the intracorporate conspiracy doctrine because all proposed new individual defendants are members of the same entity, the Town of Patriot and a 'conspiracy cannot exist solely between members of the same entity.'" [Dkt. No. 25 at 18.] Plaintiff's proposed Second Amended Complaint alleges that the individual defendants were members of the Town Council and the Patriot Municipal Works Board and others were employees of Patriot Municipal Utility, and still another was an employee of the Town of Patriot. [Dkt. No. 22 at Ex. 1 at ¶¶ 3-8.] Although Plaintiff argues that the Town of Patriot and the Municipal Utility are not different for purposes of

---

[1] The Court notes that the Magistrate Judge's apparent "misunderstanding" described by Defendants appears to be caused by the moving target that is Defendants' position on the employer of the proposed individual defendants and the relationship between the Town of Patriot, the Patriot Municipal Board, and the Patriot Municipal Utility. Defendants' position is at best confusing and at worst opportunistic.

notice of the EEOC/ICRC proceeding [Dkt. No. 27 at 5], the Court cannot foreclose Plaintiff's opportunity to allege a § 1985 claim on the basis of the intra-corporate conspiracy doctrine.[2] To date there has been "limited briefing" and inconsistent positions of the parties on this issue.

Defendants also argue that the Town of Patriot is the relevant entity for Plaintiff's proposed § 1985 claim because the Patriot Municipal Utility and the Patriot Municipal Works Board are not *sui juris* under § 1985. [Dkt. No. 32 at 15.] The Magistrate Judge properly recommends a rejection of this argument. Defendants only make this argument by submitting evidence of the Audit Reports from the State of Indiana. [*See* Dkt. No. 25 at 8-10.] Defendants argue that "Plaintiff cannot proffer any evidence that either Patriot Municipal Utility or the Patriot Municipal Works Board were ever corporations recognized by the Secretary of State for Indiana." [*Id*. at 8-9.] Plaintiff need not respond to newly-submitted evidence in response to a Motion to Amend Complaint. The newly-named Defendants will have an opportunity to make arguments that Plaintiff's claims fail, but the Court will not foreclose Plaintiff from asserting those claims. *See General Elec. Capital Corp.*, 128 F.3d at 1080. We find no clear error in the Magistrate Judge's recommendation to grant Plaintiff's Motion to Amend and we adopt his conclusion accordingly.

---

[2] Although Plaintiff alleges conspiracy among employees of differing entities, she also argues that "there is no difference between the Town and the Municipal Utility" when she argues that the Town was not unaware of the EEOC/ICRC proceedings. [*See* Dkt. No. 27 at 5.] The Court will construe the plain statement of Plaintiff's proposed Second Amended Complaint for purposes of her Motion to Amend.

### B. Plaintiff's Proposed § 1983 Claim.

Defendants make no specific objection to the Magistrate Judge's Report and Recommendation with respect to Plaintiff's proposed § 1983 claim. Instead, Defendants rehash their originally-filed objection to Plaintiff's Motion to Amend and argue that Plaintiff failed to meet the pleading standards. Like the Magistrate Judge, we find these arguments to be unavailing.

First, Defendants seek to introduce evidence in opposition to Plaintiff's Motion to Amend her Complaint which the Court will not consider on a motion to dismiss standard. *See General Elec. Capital Corp.*, 128 F.3d at 1080. Defendants argue that Plaintiff must show that "(1) she is a member of a protected class; (2) she was similarly situated to individuals not of the protected class; (3) she was treated differently than those similarly-situated individuals; and (4) those who treated her differently acted with discriminatory intent." [Dkt. No. 32 at 17 (citing *Johnson v. Fort Wayne*, 91 F.3d 922, 944 (7th Cir. 1996)).] Defendants contend that Plaintiff's most "similarly situated" colleague was also demoted and suffered a pay reduction at the same time as Plaintiff, and, as a result her claim is futile. [*Id.*] Because Defendants' argument seeks to introduce evidence outside the proposed Second Amended Complaint, it is without merit at this stage of the proceedings.

Second, Defendants argue that Plaintiff's proposed Second Amended Complaint does not contain the requisite elements of a prima facia claim under § 1983. This position ignores the allegations of the proposed Second Amended Complaint. For example, Defendants insist that the "proposed amended complaint contains no allegation that

7

Plaintiff was treated differently as compared to similarly situated male individuals outside her protected class." [Dkt. No. 32 at 17.] Yet Plaintiff's proposed Second Amended Complaint alleges that "she had been treated differently by new Works Council/Board Member, Bobby Robinson. Plaintiff believed the differential treatment related to her gender. Among other things, Plaintiff learned of Robinson's plan to replace her with a male." [Dkt. No. 22 at Ex. 1, ¶¶ 20-21.] Additionally, Plaintiff alleges that "Patriot replaced Plaintiff's Superintendent position with a less-experienced, significantly younger, male employee." [*Id.* at ¶ 25.] Finally, Plaintiff alleges that Patriot "treat[ed] her differently than male employees." [*Id.* at ¶ 42.] All of these allegations were incorporated into Plaintiff's proposed § 1983 claim. [*Id.* at ¶ 50.] Based on the proposed Second Amended Complaint, we cannot say that Plaintiff's proposed amendment is futile. We adopt the Magistrate Judge's recommendation to grant Plaintiff's Motion to Amend.

### III. Plaintiff's Rule 56(d) Motion.

Defendants' Motion for Summary Judgment is based on its argument that Defendants are not "employers" as defined by Title VII. Under Title VII, an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). In support of their summary judgment motion, Defendants submit their allegedly relevant payroll records via two affidavits. Defendants argue that by analyzing their payroll records under the "payroll method" established in *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997), Defendants do not qualify as "employers" and are not subject to Title VII. In response Plaintiff requested

time to conduct discovery on the number of employees employed by Defendants. The Magistrate Judge recommends that Plaintiff be allowed thirty days to conduct discovery with respect to Defendants' number of employees.

The Magistrate Judge found that "[t]he number of employees working for Defendants is a potentially case-dispositive issue. Plaintiff is entitled to the opportunity to conduct discovery on this critical fact." [Dkt. No. 29 at 3 (citing *Canty v. Walgreens Co.*, No. 2:11-cv-232, 2013 WL 1566091 (N.D. Ind. Apr. 11, 2013 (quoting *Chalimoniuk v. Interstate Brands Corp.*, 172 F. Supp. 2d 1055, 1057-58 (S.D. Ind. 2001) ("Summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion."))._] Defendants object to the Magistrate Judge's Report and Recommendation alleging that the Magistrate Judge failed to require Plaintiff to "articulate a plausible basis for the belief that discoverable materials exist that would raise a trialworthy issue." [Dkt. No. 32 at 3.] We do not find the Magistrate Judge's recommendation to be in clear error or contrary to the law. *See* Fed. R. Civ. P. 72(a).

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A court may deny a Rule 56(d) request when a party fails to pursue discovery in the allotted time frame or fails to identify with specificity the evidence additional discovery may identify that would create a genuine issue of material fact. *See Canty v. Walgreens*

*Co.*, No. 2:11-cv-232, 2013 WL 1566091, at *6-7 (N.D. Ind. Apr. 11, 2013). Defendants in this case filed their Motion for Summary Judgment before the initial pretrial conference and before discovery commenced.

Defendants contend that the payroll records submitted in support of summary judgment end the inquiry on the number of Defendants' employees and no discovery could change the facts or legal conclusion drawn therefrom. The Magistrate Judge disagreed. He states that "[t]he mere fact that payroll journals support Defendants' motion for summary judgment does not mean that there is no other relevant discovery pertaining to the number of employees working for Defendants." [Dkt. No. 29 at 3.] Plaintiff seeks to "depose witnesses regarding information relevant to the employment relationship between her employer and the individuals performing work for it." [Dkt. No. 21 at Ex. 1 at ¶ 3.] This evidence is particularly significant where the parties dispute the employment status of certain individuals.

For example, Plaintiff argues that George Miller and Stephanie Adkins were Town of Patriot employees and should be included in the total number of Town employees for purposes of Title VII. [Dkt. No. 21 at 4.] Defendants disagree because George Miller and Stephanie Adkins are not included in the Town's payroll records. [Dkt. No. 24 at 4 (arguing that George Miller was a "sporadic" employee only receiving four checks from 2008-2012).] Both parties will have a full and fair opportunity to present their cases if Plaintiff is allowed to depose these individuals or otherwise conduct discovery related to these individuals' relationships with Defendants. *See Forestra v. Center Light Cap. Mgmt.*, 379 Fed. Appx. 44 (2d Cir. 2010) (reversing a district court's premature grant of summary

10

judgment and denying a Rule 56(d) request to conduct discovery as to whether individuals were independent contractors or employees).

Plaintiff also seeks "to discover the circumstances of the employment of the three members of the Patriot Municipal Works Board." [Dkt. No. 21 at 4.] Defendants put the nail in the Rule 56(d) coffin by arguing that the three members of the Patriot Municipal Works Board are not employees for a Title VII calculation. Defendants submit that the Supreme Court considers six factors to distinguish an employee from employer. [Dkt. No. 34 at 12 (listing six factors to distinguish an employee from an employer, including whether individual can be hired or fired, supervision, reporting, influence over the organization, contracts, sharing of profits, loses and liabilities); Dkt. No. 24 at 7 (same).] Defendants proceed to state (without the benefit of any admissible evidence):

> The elected officials of Patriot's Town Council who serve as members on the Patriot Municipal Works Board are clearly "employers" in this case as opposed to "employees." The Board members are not individuals who are hired or fired. They determine the rules by which all Town and Utility employees must abide and they ultimately determine the scope of each employee's work. The Board members report to no one and have no supervisor. The Board members not only influence the organization, but determine the entire direction of the organization because they make all decisions on behalf of the Utility. Clearly, the members on the Patriot Municipal Works Board hold all authority and are "employers" who should not be counted in determining the required fifteen employees.

[Dkt. No. 24 at 7-8; Dkt. No. 32 at 12-13.][3] As the Magistrate Judge found, the issue of the number of Defendants' employees is potentially case-dispositive. The Court cannot

---

[3] The Affidavit of Robert Robinson submitted in support of Defendants' Motion for Summary Judgment states that "members of the Patriot Municipal Works Board were not employees of Patriot Municipal Utility because they served as the decision-making authority who oversaw, directed and were responsible for Patriot Municipal Utility as an entity." [Dkt. No. 16-1 at Ex. 1, ¶ 5.] Mr. Robinson's Affidavit does not verify all of the alleged facts submitted by Defendants.

11

enter judgment when the case is laden with factual determinations unsupported by the record and the non-moving party has not had an opportunity to conduct discovery.

Although Defendants insist that their payroll records are the definitive proof of their number of employees, they ignore significant language from the *Walters* case. The payroll method can be used to determine whether an employment relationship exists between an individual and the employer; however, the "ultimate touchstone under [42 U.S.C.] § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." *Walters*, 519 U.S. at 211-12. This is true where, as Defendants argue, board members may not be an "employee" although they appear on the payroll records. This may also be true where Plaintiff argues that George Miller and Stephanie Adkins are employees of Defendants, but they do not appear on the payroll records. Although Defendants may be correct that "there is no additional deposition testimony or discoverable information that could be ascertained in this matter that could change the number of employees identified in the payroll records . . ." the inquiry is broader than that. [*See* Dkt. No. 32 at 5.] Defendants cannot foreclose all discovery by Plaintiff by simply pointing to their payroll records and arguing that no possible other evidence of employees could exist. The question here is "whether an employer has employment relationships" with the requisite number of employees, working the requisite number of hours during the relevant time period. As Magistrate Judge Baker found, "[t]he mere fact that payroll journals support Defendants'

---

At the very least, this statement warrants discovery by Plaintiff as to the nature of the board members' employment and relationship with the Town of Patriot.

motion for summary judgment does not mean that there is no other relevant discovery pertaining to the number of employees working for Defendants." [Dkt. No. 29 at 3.]

This is not the case where "only general and conclusory statements . . . regarding the need for more discovery" has been made; nor does Plaintiff seek to engage in a "fishing expedition." [*See* Dkt. 32 at 3.] Plaintiff has requested specific discovery related to the employment of individuals by the Town of Patriot. The parties have engaged in no discovery on the issue of the number of Town of Patriot employees. We do not find the Magistrate Judge's recommendation to be clearly erroneous or contrary to law.

## IV. Defendants' Motion for Summary Judgment.

Upon a *de novo* review, we agree with Magistrate Judge Baker's recommendation that Defendants' arguments are premature at best. Plaintiff is entitled to amend her complaint and conduct discovery as to Defendants' number of employees. Defendants' Motion for Summary Judgment must be denied, but without prejudice. Pursuant to Federal Rule of Civil Procedure 56(d), when discovery is necessary for the nonmovant to respond to a motion for summary judgment, the court may allow such discovery and may deny the motion. Our Local Rule 56-1 contemplates a single summary judgment motion by a party in the case. Plaintiff's claims in this case – both the original and the amended ones – are subject to Rule 11 standards. By denying Defendants' Motion for Summary Judgment without prejudice, Plaintiff can conduct her requested discovery after which Defendants may file a single motion for summary judgment as to all issues, including the newly-added claims in Plaintiff's Second Amended Complaint. Moreover, the Magistrate Judge has

already extended case management deadlines to accommodate discovery and the filing of a new motion for summary judgment. [*See* Dkt. No. 35.]

## V. Conclusion.

For the foregoing reasons, we adopt Magistrate Judge Baker's Report and Recommendation on Defendants' Motion for Summary Judgment, Plaintiff's Rule 56(d) Motion, and Plaintiff's Motion to Amend. Defendant's Motion for Summary Judgment is <u>DENIED WITHOUT PREJUDICE</u>. Plaintiff's Rule 56(d) Motion for Discovery is <u>GRANTED</u>. Plaintiff's Motion to Amend Complaint is <u>GRANTED</u>.

Date: ___9/22/2014___

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Carrie Atkins Barron
FREKING & BETZ
cbarron@frekingandbetz.com

Katherine D. Neff
FREKING & BETZ, LLC
kdaughtrey@frekingandbetz.com

Scott A. Sollmann
SCHROEDER MAUNDRELL BARBIERE & POWERS
ssollmann@smbplaw.com

Jay D. Patton
SCHROEDER MAUNDRELL BARBIERE POWERS
patton@smbplaw.com